UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELISSA CROSS, ADMINISTRATRIX
OF THE ESTATE OF
JOSEPH C. BONNETT,

   Plaintiff,

v.

MARIETTA OPCO, LLC, *et al.*,

   Defendants.

Case No. 2:18-cv-820
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Marietta Opco, LLC's ("Marietta Opco") Motion to Dismiss (ECF No. 4) Plaintiff's Complaint. (ECF No. 5). For the following reasons, Defendant's Motion is **GRANTED**.

### I.

Plaintiff Melissa Cross ("Cross"), who is the Administratrix of Joseph Bonnett's estate, filed a complaint *pro se*, individually and in her capacity as administratrix, in the Washington County Court of Common Pleas against Marietta Opco, LLC ("Marietta Opco") and John Doe. Cross alleged three claims: breach of reasonable care, breach of standard of care, and failure to provide resident's civil rights. *See Pl.'s Compl*. Cross did not attach an affidavit of merit to the complaint.

Marietta Opco removed the case to this Court based on diversity and contemporaneously moved the Court to dismiss. Cross did not oppose Marietta Opco's motion.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Such an action will be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). Federal Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 557).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

## III.

When sitting in diversity cases, a federal court applies state substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Marietta Opco argues that Cross's Complaint failed to abide by Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure, which Marietta Cross asserts is substantive.

Ohio's Rule 10(D)(2)(a) (the "Ohio Rule") requires one or more affidavits of merit in any complaint containing a medical claim. Ohio R. Civ. P. 10(D)(2)(a). A "medical claim" involves any claim asserted in a civil action that arises from the plan of care, medical diagnosis, or treatment of a person. Ohio Rev. Code § 2305.113(E)(3). Medical claims include claims that result from acts or omissions in providing medical care and claims that result from the hiring, training, supervision, retention, or termination of caregivers providing medical treatment. Ohio Rev. Code § 2305.113(E)(3)(b); *see also Evans v. Ohio Dept. of Rehab. And Correction*, 2018-Ohio-1035, ¶ 36. Because Cross assets claims against Marietta Opco for a failure to provide adequate medical care to the decedent, all of Cross's claims against Marietta Opco are medical claims.

According to the Ohio Supreme Court, when a complaint does not include an affidavit of merit, the complaint should be dismissed without prejudice. *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 897 N.E.2d 147, 170 (Ohio 2008). There is no dispute that Cross has not filed an affidavit of merit with her complaint.

But does the Ohio Rule apply in federal cases? Under *Erie*, the answer depends on whether the Ohio Rule is procedural or substantive. If procedural, then federal law trumps state law and no affidavit of merit is necessary. If substantive, the Ohio Rule applies, and the Court must dismiss Cross's complaint without prejudice.

3

A state law that establishes "'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required'" is substantive. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 574 (6th Cir. 2008) (quoting *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535, 78 S. Ct. 893, 2 L. Ed. 2d 953 (1958)).

The Sixth Circuit has yet to decide whether the Ohio Rule applies in federal courts. Courts in this district that have addressed the issue have consistently found that the Ohio Rule is substantive. *Gallivan v. U.S.*, 2018 WL 4145012 (S.D. Ohio Aug. 30, 2018) (finding the rule is substantive since it is a state-created obligation and outcome-determinative);; *Harris v. City of Cincinnati, et al.*, No. 1:17-CV-762, 2018 WL 4916305, at *5 (S.D. Ohio Oct. 10, 2018) (following Southern District of Ohio precedent); *Davis v. U.S.*, 302 F.Supp.3d 951, 956 (S.D. Ohio 2017) (same); *Bush v. Secretary of Dept. of Veteran Affairs*, 2014 WL 127092 (S.D. Ohio Jan. 13, 2014) (following *Daniel*); *Bush v. U.S.*, 2014 WL 661686, at *6 (S.D. Ohio Feb. 19, 2014) (same); *Kennedy v. U.S. Veterans Admin.*, 2013 WL 552486, at *3 (S.D. Ohio Oct. 4, 2013) (finding that Rule 10(D)(2)(a) is outcome-determinative and therefore substantive).

Cases from the Northern District of Ohio addressing the issue are less homogeneous. In some cases, the Ohio Rule was substantive. *See Daniel v. U.S.*, 716 F.Supp.2d 694, 698 (N.D. Ohio 2010) ("the Ohio rule is therefore substantive because it is outcome-determinative and it must be applied …."); *Bennafield v. U.S.*, No. 4:23-cv-3010, 2013 WL 5173221, at *2 (N.D. Ohio Sept. 12, 2013) (following *Daniel*); *Perotti v. Medlin*, No. 4:05-cv-2739, 2009 WL 723230, at *2 (N.D. Ohio Mar. 16, 2009) (same); *Nicholson v. Catholic Health Partners*, No. 4:08-cv-2410, 2009 WL 700768, at *2 - 5 (N.D. Ohio Mar. 13, 2009) (applying the outcome-determinative test and concluding that the rule is substantive).

4

In other cases, the rule was procedural. *See Thompson v. U.S.*, No. 1:13-cv-550, 2013 WL 3480347, at *3-5 (N.D. Ohio July 10, 2013) (finding the Ohio Rule directly conflicts with Federal Rules of Civil Procedure 8, 9, and 11); *Larca v. U.S.*, 302 F.R.D. 148, 159 (N.D. Ohio July 28, 2014) (same); *Muncy v. Siefker*, No. 3:12-cv-2301, 2013 WL 1284233, at *5 (N.D. Ohio Mar. 26, 2013) (concluding the Ohio Rule conflicts with Federal Rule of Civil Procedure 8); *Beair v. Ohio Dept. of Rehab.*, 156 F.Supp.3d 898, 906 (N.D. Ohio Jan. 19, 2016) (same).

While the Sixth Circuit has yet to address whether the rule applies in federal proceedings, other Circuits have found that similar state rules for affidavits of merit are substantive. *See, e.g., Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000) (finding a New Jersey affidavit of merit rule did not conflict with Fed. R. Civ. P. 8 or 9 and was substantive); *Bramson v. Sulayman*, 251 F. App'x 84, 87 n.2 (3d Cir. 2007) (following *Chamberlain*); *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996) (concluding a similar Colorado affidavit of merit rule was substantive based on the balance of interests); *Cestnik v. Fed. Bureau of Prisons*, 84 F. App'x 51, 53-54 (10th Cir. 2003) (following *Trierweiler*).

Considering the case law collectively, the Court holds that Rule 10(D)(2)(a) is substantive. Again, a state law is substantive when it "significantly affect[s] the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Daniel*, 716 F.Supp.2d at 697 (citing *Hanna v. Plumer*, 380 U.S. 460, 466 (1965)). The Ohio Rule requires an affidavit of merit at the pleading stage, thereby imposing a state-created obligation. The Ohio Rule also determines the outcome of the case: if the rule did not apply, *inter alia*, then Cross's complaint would sufficiently state an Ohio medical claim. For those reasons, the Ohio rule is substantive and applies to this case.

5

In conclusion, by failing to file an affidavit of merit with her complaint, Cross failed to state a medical negligence claim under Ohio law. In doing so, she failed to state a claim upon which relief can be granted. Accordingly, this case is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See *Fletcher*, 120 Ohio St.3d 167 (2008).

Since Ohio's Rule 10(D)(2)(a) applies and proves dispositive of Marietta Opco's motion to dismiss, the Court need not address any alternative grounds for dismissal.

### IV.

The Court **GRANTS** Marietta Opco's Motion to Dismiss (ECF No. 4) and **DISMISSES WITHOUT PREJUDICE** this action. The Clerk is **ORDERED** to enter judgment accordingly.

**IT IS SO ORDERED.**

10-31-2018
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**